IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| Plaintiff, : | |
| v. : | **Civil Action No.** |
| **$19,910.00 in U.S. CURRENCY,** : | |
| Defendant. : | |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Evan T. Shea, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against United States currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS *IN REM*

2. The defendant property consists of $19,910.00 in U.S. Currency (hereinafter, the "Defendant Property").

3.      The Defendant Property was seized on March 2, 2013, pursuant to the execution of a court ordered search and seizure warrant at 4310 Kathland Avenue, Baltimore, Maryland, and subsequently was placed in the custody of the United States Marshals Service in the District of Maryland where it remains.

## JURISDICTION AND VENUE

4.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5.      This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this district.

## BASIS FOR FORFEITURE

7.      The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of George Vigue, Task Force Officer of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;
2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Property;
3. That Judgment of Forfeiture be decreed against the Defendant Property;
4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Property according to law;
5. That the Plaintiff have such other and further relief as the case may require.

Dated: August 13, 2013

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

Evan T. Shea
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

# **DECLARATION**

This affidavit is submitted in support of a complaint for forfeiture of $19,910.00 in United States Currency.

I, George Vigue, a task force officer of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $19,910.00 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. On March 01, 2013, United States Postal Service (USPS) Inspectors identified a suspicious parcel destined for Baltimore City, Maryland. Based on their training, experience and observations, the investigators determined that the parcel displayed several characteristics of drug-laden parcels they have recovered in the past.

b. After conducting checks of various public and law enforcement databases, investigators conducted a scan of the parcel by a certified drug detection canine. The drug detection canine rendered a positive alert for the presence of drug odors.

c. The parcel displayed the following label information: [Sender] (Core Law Group), -Neeta Parcel-, 9881 Irvine Ctr Drive, Irvine, CA 92618; [Recipient] L. Robinson, 4310 Kathland Ave, Gwynn Oak, MD 21207.

d. Based on this information, investigators obtained a federal search and seizure warrant for the parcel. Upon executing the warrant, investigators recovered one (1) taped block of white powder suspected cocaine, with a total approximate weight of one (1) kilogram.

e. Investigators repackaged the parcel, removing the bulk of the suspected cocaine and leaving approximately twenty-eight (28) grams of suspected cocaine in the parcel in preparation for a controlled delivery.

f. On March 2, 2013, investigators initiated a controlled delivery operation for the intended address: 4310 Kathland Ave, Baltimore, Maryland, 21207 ("the Residence"). Investigators established surveillance on the Residence.

g. On that date and prior to the execution of the controlled delivery, Reginald Murray ("Murray") removed bags from a parked vehicle and took them inside the Residence. Murray entered and exited the Residence several times.

h. Shortly after Murray entered the Residence a final time, an investigator posing as the regular mail carrier (Postal Inspector Jones, or "Inspector Jones") approached the dwelling with the repackaged parcel. Inspector Jones knocked on the door and waited approximately three minutes for a response.

i. After receiving no response, Inspector Jones prepared a "hang tag" indicating the attempted delivery of a United States Postal Service parcel and placed it on the door. Inspector Jones left the porch of the Residence and continued to walk the block as if delivering mail to other homes.

j. After Inspector Jones left the porch of the Residence, Murray opened the door and retrieved the hang tag. Murray looked down the block at Inspector Jones and reentered the Residence.

k. The parcel had been shipped with a "Signature Waiver," allowing the mail carrier to leave the parcel at the Residence without receiving a response. Based on their training and experience with parcel interdiction investigations, investigators know that this tactic is frequently employed to avoid face to face contact with either the mail carrier or law enforcement personnel posing as the mail carrier.

l. Inspector Jones returned to his postal vehicle, which was parked in front of the Residence. A female, later identified as Murray's wife, Gelsell Murray ("Mrs. Murray"), called down from the second floor front window of the Residence to Inspector Jones, inquiring about the parcel.

m. Inspector Jones responded that he had a parcel addressed to the Residence, and Mrs. Murray directed him to leave the parcel on the front porch.

n. Inspector Jones responded that he had to give the parcel to a resident, and Mrs. Murray replied that her husband would respond to the door to retrieve the parcel.

o. Murray responded to the front door, took the parcel from Inspector Jones, and examined the label. Murray looked up and down the street. Murray accepted the parcel, returned the hang tag to Inspector Jones, and took the parcel inside the Residence.

p. Inspector Jones left the area and relayed to Detective Hann of the Baltimore County Police Department that a successful controlled delivery of the repackaged parcel had been made. Detective Hann presented an application for a search and seizure warrant of the Residence to the Honorable Judge Hazelett of the District Court of Maryland for Harford County. Judge Hazelett issued a search and seizure warrant for the Residence.

q. Prior to the execution of the search and seizure warrant, Murray exited the Residence holding the parcel and looked up and down the street. Murray placed the parcel on the front porch and reentered the Residence.

r. Surveillance investigators relayed that Murray had placed the parcel on the front porch to the arrest and entry team, who was staged in the area. After the search and seizure warrant was issued, the arrest and entry team approached the Residence, knocked, and announced their presence. After waiting an amount of time and not receiving an answer, the arrest and entry team used force to access the Residence.

s. Murray, Mrs. Murray, and their minor son were walking down the steps from the second floor when investigators entered the Residence.

t. After securing the Residence, investigators retrieved the parcel from the front porch.

u. Investigators escorted Murray to the first floor office where they verbally advised Murray of his Miranda rights. Murray advised that he understood and agreed to speak with investigators.

v. Murray gave evasive answers to investigators' questions about the parcel.

w. Investigators asked Murray if he was expecting a parcel, and Murray responded that he was not.

x. Investigators asked Murray why he accepted the parcel, and Murray responded that he thought the parcel "might be for my wife."

y. Investigators asked Murray if he knew the name on the label, and Murray denied knowing the name on the label despite having examined the label on the front porch.

z. Investigators asked Murray why he put the parcel on the front porch, and Murray hesitated before stating, "I put it there for the mailman."

aa. After investigators explained that a mail carrier would not recover the parcel because it was addressed to the Residence, Murray insisted that the parcel was not for him which is why he put it on the porch.

bb. Investigators asked Murray why he did not notify the Postal Service, and Murray reiterated that the parcel was not for him.

cc. Murray continued to deny any knowledge of the parcel and refused to provide any further information to investigators.

dd.  Investigators also interviewed Mrs. Murray, and she denied any knowledge of the parcel.

ee.  Investigators conducted an orderly search of the Residence and recovered the following:

<u>First Floor Office</u>:

1. One (1) black Hi-Point 9mm semiautomatic handgun;

2. one (1) 9mm semiautomatic handgun magazine;

3. Seven (7) 9mm cartridges;

4. One (1) box of ammunition containing forty-three (43) 9mm cartridges;

5. One (1) eMachines computer tower and related accessories;

6. Assorted mail addressed to Reginald Murray;

<u>Second Floor Front Bedroom</u>:

7. $19,910 United States currency, located in a briefcase under the bed;

8. One (1) plastic bag containing a green plant material, suspected marijuana, weighing approximately ten (10) grams;

9. One (1) HTC cellular telephone belonging to Murray;

<u>Basement</u>:

10. One (1) plastic bag containing a green plant material, suspected marijuana, weighing approximately five (5) grams.

ff.  Murray was arrested and charged.

gg.  Investigators seized the United States currency as drug proceeds and transferred custody to the United States Marshals Service.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE BALTIMORE POLICE DEPARTMENT, IN REFERENCE TO THE SEIZURE OF $19,910.00 U.S. CURRENCY FROM REGINALD MURRAY ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

George Vigue

Task Force Officer

Drug Enforcement Administration

## VERIFICATION

I, Evan T. Shea, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: August 15, 2013

                                              Evan T. Shea
                                              Assistant U.S. Attorney

## MEMORANDUM

DATE:       August 16, 2013

TO:         Kristine Cupp
            U.S. Marshal Service

FROM:       Theresa Tepe
            FSA/Paralegal Specialist
            U.S. Attorney's Office - District of Maryland

RE:         **U.S. v. $19,910.00 U.S. CURRENCY**

            **Civil Action No.**

            CATS ID 13-DEA-579079
            Agency Case No. - GC-13-0078

---

The United States has filed a forfeiture action against **$19,910.00 U.S. CURRENCY**. A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.

Attachment

1

| U.S. Department of Justice | PROCESS RECEIPT AND RETURN |
|---|---|
| United States Marshals Service | |

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | |
| **DEFENDANT** | **TYPE OF PROCESS** |
| $19,910.00 U.S. Currency | Verified Complaint in Rem |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
GC-13-0078 / 13-DEA-579079

ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code)

SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW:

Theresa Tepe, FSA Paralegal Specialist
U.S. Attorney's Office
36 S. Charles Street, 4th floor
Baltimore, Maryland 21201

| Number of process to be served with this Form - 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

Signature of Attorney or other Originator requesting service on behalf of:  [signature]

TELEPHONE NUMBER: 410.209.4800
DATE: 8/16/13

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process No. | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

☐ I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

Name and title of individual served (If not shown above).

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

Date of Service
Time  am / pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

PRIOR EDITIONS MAY BE USED       SEND ORIGINAL + 2 COPIES to USMS.
1. CLERK OF COURT  2. USMS Record  3. Notice of Service  4. Billing Statement  5. Acknowledgment of Receipt